134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul SUSMA, petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-2918.
 United States Court of Appeals, Seventh Circuit.
 Jan. 28, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied April 14, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before ESCHBACH, COFFEY, and ESTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Paul Susma, who entered the United States from Romania and overstayed his visa, petitions for review of an order of the Board of Immigration Appeals deporting him. Susma concedes deportability and argues only that the Board should have found him eligible for asylum. Because he entered the United States after December 1990, he is not eligible for relief under the Nicaraguan Adjustment and Central American Relief Act, 105 Pub.L. 100, 111 Stat. 2160, as amended by 105 Pub.L. 139, 111 Stat. 2644 (1997).
 
 
 2
 Susma was beaten by coal miners during a political rally in 1990, and like the Board we shall assume that the miners were put up to their deeds by political officials. Susma also suffered economic loss in earlier years because he refused to join the Communist Party. But the main question in this case, as in so many others dealing with Eastern Europe, is whether conditions have changed for the better, so that persons deported to Romania today would no longer face persecution. See, e.g., Gramatikov v. INS, 128 F.3d 619 (7th Cir.1997); Bucur v. INS, 109 F.3d 399 (7th Cir.1997). The Board thought not, and this decision is supported by substantial evidence (including the considered opinion of the State Department).
 
 
 3
 Many thoughtful persons disagree with the State Department's assessment of conditions and prospects in Eastern Europe in general, and Romania in particular. Susma's brief contains critiques by persons whose views are entitled to respect. But so, too, is the State Department's view, based as it is on the latest intelligence gathered by the Executive Branch. As we observed in Gramatikov, it is difficult indeed to justify a conclusion that a decision squarely based on such a perspective is not supported by substantial evidence. Susma, who was never arrested or imprisoned even by the communist government now overthrown, and who had a good job in those evil years, has a weaker case than many that we have earlier examined and found insufficient. See, e.g.,Bradvica v. INS, 128 F.3d 1009 (7th Cir.1997); Dobrican v. INS, 77 F.3d 164 (7th Cir.1996). The decision of the Board must be AFFIRMED.